THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALBERT CORRADO, Principal, and Others, Sureties, Defendants.

Court of General Sessions, New York County, March 9, 1934.

*William C. Dodge, District Attorney [Louis Capozzoli, Assistant District Attorney, of counsel], for the plaintiff.*

*Diserio Brothers, for the sureties.*

FRESCHI, J. Counsel for the sureties named in the undertaking furnished for the appearance of the defendant Albert Corrado herein seek relief on this motion and seek an order to stay all proceedings on the part of the People of the State of New York, through both the district attorney and the sheriff of the county of New York, to enforce the judgment obtained upon a forfeiture

of said bail bond. A further order is sought that said Albert Corrado be produced before this court from the State's prison where he is now confined.

The moving papers show that the defendant, jointly indicted with two others for attempted extortion, furnished bail in the sum of $2,500 to answer at the trial. On June 8, 1933, a forfeiture of the bail was entered upon defendant's failure to appear pursuant to the condition of the undertaking, and a judgment was duly entered and docketed against the defendant and his sureties thereon. The sheriff of New York county returned as unsatisfied an execution issued pursuant to the said judgment, and now it appears that the said sureties have been ordered to appear and be examined in proceedings supplementary to execution in the Supreme Court.

It now appears that the sureties have been unable to produce this defendant in this court because said defendant is now incarcerated in State's prison under a sentence of not less than three and one-half years to seven years imposed by the County Court, Bronx county, on December 8, 1933.

The application here is to stay the pending Supreme Court proceedings for the enforcement of said judgment.

In *People* v. *Abrams* (172 App. Div. 577) the court said: " The liability of the principal and surety became fixed upon the entry of the order of forfeiture. (*People* v. *Bennett*, 136 N. Y. 482; *People* v. *Parisi*, 217 id. 24.) It then became the duty of the district attorney to enter the judgment (Consol. Act [Laws of 1882, chap. 410], § 1480), and to endeavor to collect it (*People* v. *Salomon*, 212 N. Y. 446) and to turn over the money collected to the county treasurer. (County Law [Consol. Laws, chap. 11; Laws of 1909, chap. 16], § 201.)"

There is a finality to such matters so far as this court is concerned the moment the judgment was filed. This court is without jurisdiction to interfere with such supplementary proceedings. Under such circumstances no stay can be granted in this court.

With respect to the application to have the defendant brought from prison for trial or change of plea here it would seem unjust to deny it. Such an order or habeas corpus may be made pursuant to sections 10-b and 298-b of the Code of Criminal Procedure.

The Code (*supra*), section 298-b, provides: " The court in which any indictment is pending for a felony, against any person imprisoned on conviction of a crime, in any county jail or state prison, is hereby authorized to issue a habeas corpus for the purpose of bringing the individual so indicted before such court for arraignment or trial, on such indictment."

" The fact that the accused is serving a sentence under a prior

conviction of a distinct crime is no ground for postponing his trial until the expiration of such sentence." (16 C. J. § 888, p. 487.)

A person convicted and confined in prison against whom there is pending another charge is entitled under the Constitution to a speedy trial. (See N. Y. L. J. editorial, May 29, 1915, vol. LIII, No. 51; *Arrowsmith* v. *State*, 175 S. W. 545.) This editorial states: " In *Arrowsmith* v. *State*, in the Supreme Court of Tennessee (April, 1915; 175 S. W. 545), it was held that where accused was convicted of forgery and confined in the penitentiary, and other untried cases of forgery against him were by order of the court, in his absence and without his consent, retired from the docket until the expiration of his sentence, to occur two years thereafter, such order operated as a denial of his constitutional rights to a speedy trial. The court said in part: ' There cannot be doubt that one under conviction and while imprisoned in the penitentiary may be brought to the bar for trial and sentenced for another crime, whether charged to have been committed before or during such imprisonment. This practice has been followed in this state and in this court, and many reported cases sustain it. (*Thomas* v. *People*, 67 N. Y. 218; *People* v. *Majors*, 65 Cal. 138; 3 Pac. 597; 52 Am. Rep. 295; *Henderson* v. *James*, 52 Ohio St. 242; 39 N. E. 805; 27 L. R. A. 290; *Rigor* v. *State*, 101 Md. 465; 61 Atl. 631; 4 Ann. Cas. 719.) In the last cited case it is said: " The penitentiary is not a place of sanctuary, and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some earlier judgment of guilt. Why should there be a delay in bringing him to trial, on an indictment pending against him, a convict who has not yet completed the service of a previous sentence? No reason can be suggested for such a delay in the case of a convict adjudged guilty of some other offense and actually in execution of a sentence thereunder, that does not apply equally to an individual who has been indicted and has not yet been tried. * * * If the contention made in the case at bar is sound, the arm of the criminal law would be paralyzed — not a step could be taken towards prosecuting him so long as the convict remains sheltered in the walls of the penitentiary. That is not the law. The criminal court has jurisdiction to bring the plaintiff in error before it * * * and to place him on trial under the indictment there pending against him." The right of the state to prosecute him is not abridged or delayed by the fact that the accused is in such confinement, and, by parity of reasoning, his rights to be tried and to a speedy trial are not deferred until his period of sentence has been served or terminated. In only two reported cases, and in only one case decided by a court of last resort, is it held in accord with the state's

contention in this case that the right to a speedy trial does not apply to a convict, and that not until his confinement is at an end may he be tried for the commission of another offense or invoke the constitutional guarantee of a speedy trial. In *Gillespie* v. *People* (176 Ill. 238; 52 N. E. 250) it is seemingly so ruled, but in an opinion that is lacking in convincing argument. In *State* v. *Brophy* (8 Ohio Dec. 698) one of the courts of common pleas of Ohio held that such a convict "was practically dead as a civilian, and before he could make this demand he must serve his sentence." Civil death has sometimes been imputed to convicts for life, but never, except in the cited case, so far as we have observed, to one incarcerated for a period less than life. By a decided weight of authority the contrary rule is upheld. (*State* v. *Stalmaker*, 2 Brev. [S. C.] 44; *In re Garvey*, 7 Colo. 502; 4 Pac. 758; *Dudley* v. *State*, 55 W. Va. 472; 47 S. E. 285; *State* v. *Keefe*, 17 Wyo. 277; 98 Pac. 122; 22 L. R. A. [N. S.] 896; 17 Ann. Cas. 170.) The reasons in support of this holding are well stated in the case of *State* v. *Keefe* (*supra*) and approve themselves to us: "The purpose of the provision against an unreasonable delay in trial is not solely a release from imprisonment in the event of acquittal, but also a release from the harassment of a criminal prosecution and the anxiety attending the same; and hence an accused admitted to bail is protected as well as one in prison. Moreover, a long delay may result in the loss of witnesses for the accused as well as the state, and the importance of this consideration is not lessened by the fact that the defendant is serving a sentence in the penitentiary for another crime." Indeed, the importance of that consideration is accentuated by the fact of the accused's imprisonment. He is less able on that account to keep posted as to the movements of his witnesses, and their testimony may be lost during his continued confinement. It would be a harsh construction of the clause, containing this guarantee, imbedded in our Bill of Rights that would deny it application to those who stand most in need of it.'"

The late Judge Cowing, in *People* v. *Smith* (2 N. Y. Crim. Rep. 45, 46), says: "I do not think that it is a wise or just practice to establish, where there are several indictments, for the People to allow years to elapse, between the trials on each. They should all be tried, when the witnesses are alive and accessible; and when the testimony for both sides is readily to be had."

Prisoners may be taken out of the State prison for trial upon any indictment found against them. (*Thomas* v. *People, etc.*, 67 N. Y. 218, at p. 226.)

Where the defendant demands a disposition of his case, which concerns also the liability of himself and surety on their joint and

several undertaking herein, the case ought to be tried or otherwise disposed of; and if, in such event, there be no loss of or prejudice to the rights of the People, then upon proper proof of the facts and circumstances in the case the judgment under the forfeited bail bond might be, in the sound discretion of the court wherein the judgment was docketed, vacated and set aside.

This motion upon the submission of proof of such demand by this defendant will be granted accordingly, and an order of habeas corpus will issue.