52 So.2d 158

**Ex parte STATE ex rel. ATTORNEY GENERAL.**

**6 Div. 212.**

Supreme Court of Alabama.

April 19, 1951.

Si Garrett, Atty. Gen., A. A. Carmichael, Asst. Atty. Gen., and Emmett Perry, Circuit Sol., of Birmingham, for petitioner.

Gibson & Hewitt, of Birmingham, for respondent.

FOSTER, Justice.

The question in this proceeding is whether Cecil Flummer is subject to trial at this time on indictments returned into court on December 9, 1938. At that time he was in the penitentiary of Alabama under a judgment of conviction in the same court and sentenced to thirty-five years in the penitentiary. That judgment was rendered on November 1, 1938. On the indictments returned December 9, 1938, capiases were issued which have never been served, and no further action was taken on them until December 12, 1950. The sheriff of Jefferson County, where the defendant was indicted on both occasions, mailed capiases issued on the indictments to the warden at Kilby Prison, where defendant is now and has been incarcerated since November 11, 1938. No attempt has been made to serve the indictments upon him or to have them docketed or to give him a trial. He made no agreement for the trial on said indictments to be deferred, and claims that he was irreparably injured by the failure to bring said indictments to trial, and is not now in a position to adequately defend himself by procurement of witnesses and otherwise, and that such delay was through no fault of his. He claims that because he was not given a speedy trial as required by the Constitution of Alabama, there has been a discontinuance of said indictments and he is entitled to be discharged from liability on them. He petitioned the Circuit Court of Jefferson County to dismiss the indictments and to order the clerk to notify the State Department of Corrections and Institutions that same had been done and to return the capiases referred to.

Upon the hearing of said petition there was an agreed statement of facts between the attorneys for petitioner and the solicitor for the State. Those facts as agreed upon were substantially the same as those alleged in the petition, except as hereinafter noted. The Hon. J. Russell McElroy, sitting as circuit judge in Jefferson County, heard said petition on said agreed statement of facts and ordered that the same be granted and that the indictments returned against the petitioner on December 9, 1938, mentioned above, be stricken and dismissed and that petitioner be discharged from liability under the same, and that the clerk so notify the State Department of Corrections and Institutions.

Thereupon the Attorney General of the State presented to this Court a petition for writ of mandamus directed to the Hon. J. Russell McElroy, as circuit judge of Jefferson County who granted said petition to vacate, commanding him to set aside his said order and directing that the Circuit Court of Jefferson County disregard said order of said J. Russell McElroy, and that said indictments be restored to the proper place in the office of the circuit court clerk of Jefferson County, and that the clerk be ordered and directed not to notify the Department of Corrections and Institutions to return the capiases which had been sent to it by said clerk. Upon presentation of said petition to this Court a rule nisi was issued and the Hon. J. Russell McElroy has made return to said rule wherein he admitted the averments of the facts contained in the petition, but denies the conclusions of law therein asserted.

The question presented to the circuit judge on the motion of said Flummer, and now to this Court on petition of the Attorney General, involves much difficulty. Reliance is had upon two principles, one being that the said Flummer was denied the right guaranteed to him under section 6 of the Constitution of Alabama, which provides that "in all prosecutions by indictment, a speedy public trial, by an impartial jury of the county or district in which the offense was committed" shall be had.

It is also contended that, by reason of the long delay intervening between the return of the indictments and the proceeding now begun to bring said indictments to trial, prosecution under said indictments has been discontinued and that the petitioner is not now subject to such prosecution by reason thereof as well as by reason of the failure

446

to accord him a speedy trial, as required by the Constitution.

██ We admit of course that for the period of practically twelve years, when nothing was done to bring the indictments to trial, there had not been a speedy trial of the petitioner. In this connection it is apparent that no effort was made by either the State, through its prosecuting officers or a judge with jurisdiction, or the defendant himself, to bring said case to trial. There was no motion made by defendant for a trial. We refer to certain principles of law which seem to have application. We think it is true that the requirement of the Constitution for a speedy trial is to a certain extent self-executing. 16 Corpus Juris Secundum, Constitutional Law, § 59, p. 119.

That theory does not conflict with the statement made in the opinion of this Court in the case of Ex parte State, in re Tate, 76 Ala. 482, wherein it is said that the provision in question contemplates legislative enactment so as to provide adequate machinery for the administration of the criminal law. "When there have been legislative enactments reasonably adapted to secure a speedy trial, the constitutional guaranty cannot operate to discharge the accused because of mistaken legislation, or because of a failure to foresee and provide for every contingency which may occasion delay." See, also, Sample v. State, 138 Ala. 259, 36 So. 367, 368.

We do not consider that such declaration made by this Court means that when the legislature has made adequate provision, the constitutional guaranty has been satisfied. It is true such legislation is required as mandatory by the Constitution. Although there may be such legislation, the party indicted is entitled to a speedy trial and the failure to accord it will give occasion for just complaint on his part.

██ We pass now to the question of its application to this petitioner. In that connection we note that, although it has been held that the right to a speedy trial does not apply to a convict, the weight of authority is to the contrary. 16 Corpus Juris 442; 22 Corpus Juris Secundum

Criminal Law, § 467, p. 715; People v. Corrado, 150 Misc. 787, 270 N.Y.S. 235; Frankel v. Woodrough, 8 Cir., 7 F.2d 796; State v. Keefe, 17 Wyo. 227, 98 P. 122, 22 L.R.A.,N.S. 896; Pietch v. United States, 110 F.2d 817, 129 A.L.R. 563.

██ We believe that it is in accord with our interpretation of the Constitution to hold that because a person under indictment may be serving a term in the penitentiary, he is still subject to trial on the outstanding indictment. His presence in court to be put upon such trial could be easily obtained by pursuing a simple course. We also think there is another principle which has important effect.

██ It is said in 16 Corpus Juris 442, and 22 Corpus Juris Secundum, Criminal Law, § 469, p. 719, that in some states it has been held not to be incumbent upon the defendant to demand a trial at any time in order to entitle him to be discharged on account of failure to accord a speedy trial. But the majority view is that a demand for a trial or objection to the postponement of the trial, or some other effort to secure a speedy trial on the part of the accused, ordinarily must be affirmatively shown to entitle him to a discharge on the ground of delay. Frankel v. Woodrough, supra; Phillips v. United States, 8 Cir., 201 F. 259, 262; Worthington v. United States, 7 Cir., 1 F.2d 154.

There has been much discussion of the question here involved by the various state courts. Many of them are with reference to statutes supplementing their constitution, but which often refer to the effect of the constitution without such a statute. There is an interesting analysis of that situation in the annotations found in 118 A.L.R. beginning at page 1037.

██ We think a just interpretation of it would be that a prisoner in the penitentiary or in jail, who stands indicted on another charge, cannot be said to have waived his right to a speedy trial by failure to demand trial unless he has knowledge of the indictment and is called upon directly or indirectly to make an election, and he voluntarily acquiesces in a delay, and that when he has no opportunity to acquiesce

in the delay he should not be regarded as having waived his right. Fulton v. State, 178 Ark. 841, 12 S.W.2d 777; Worthington v. United States 7 Cir., 1 F.2d 154; People v. Klinger, 319 Ill. 275, 149 N.E. 799, 42 A.L.R. 581; People v. Foster, 261 Mich. 247, 246 N.W. 60. This principle does not meet universal approval, State v. McTague, 173 Minn. 153, 216 N.W. 787; Shafer v. State, 43 Ohio.App. 493, 183 N.E. 774, nor when the defendant is at large on bond or otherwise.

The petition for the defendant's discharge, to the extent that its facts are admitted, is sufficient to show that he has not acquiesced in the delay. It fairly appears that during that time he had no knowledge of such indictments and was not called upon directly or indirectly to make an election whether he should be speedily tried. He has been incarcerated continuously in the penitentiary in Alabama.

Irrespective of the constitutional requirement, and on general principles, the law is well settled in Alabama that a criminal prosecution is not discontinued on account of inaction with respect to it by the court or the officer prosecuting for the State. Drinkard v. State, 20 Ala. 9; Scott v. State, 94 Ala. 80, 10 So. 505; Smith v. State, 149 Ala. 53, 43 So. 129; 6 Alabama Digest, Criminal Law, ☞303.

We are not here confronted with the situation which is referred to in section 251, Title 15, Code. When the facts do not call into being the authority there conferred, and the constitutional right is not available, the cause may remain on the docket or in the files of the court, and the failure to take action with reference to it for any length of time is not a discontinuance. Drinkard v. State, supra; Scott v. State, supra; Smith v. State, supra. That principle does not interfere with a person's right to a speedy trial, unless he has waived it by a failure to demand it, after an opportunity is given him to make such demand, or when he is at large.

Writ denied.

LIVINGSTON, C. J., and BROWN and SIMPSON, JJ., concur.