154 So.2d 302

**Dan DUNCAN**

**v.**

**STATE.**

**7 Div. 716.**

Court of Appeals of Alabama.

April 23, 1963.

———◆———

Dan Duncan, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment based on the denial of post conviction review.

**112**

Duncan sought to put the good offices of the circuit court in motion so as to set aside an earlier conviction whereunder he was found guilty of robbery and sentenced to ten years in the penitentiary.

With the most imaginative reading of the petition Duncan filed in the circuit court, the only complaint we can glean therefrom is that he now thinks that in some way or another he was not brought to trial on the indictment as soon as he thought he should have been.

In the premises of the judgment of the circuit court, we find:

"On this the 18th day of December, 1962, this cause coming on to be heard on the petition of Dan Duncan for a writ of error coram nobis, and said cause having heretofore been set for hearing on this date and petitioner being present in open court, and the State being represented by William E. Hollingsworth, Jr., Circuit Solicitor from the 29th Judicial Circuit of Alabama, the court inquired of the petitioner if he desired to offer any testimony or other evidence in support of said petition and was advised by the petitioner that he had no such proof to offer and in fact no proof of any nature was offered in such proceedings. The petitioner thereupon cited several cases and offered oral argument in support of said petition and thereafter the court proceeded to consider the petition and the State's motion to deny and dismiss said petition."

■ The right to a speedy trial, of course, is one of the things Americans and Englishmen have literally fought for and thus have made into a constitutional right. The opinion of our Supreme Court by the late Mr. Justice Foster, in Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158, is a well known landmark in this field. But merely echoing that such a right exists is only asserting an undisput-

ed major premise. The facts in an indvidual case make its law.

At common law, it was generally thought that the passage of two terms of criminal court since arrest and commitment, on proper petition for habeas corpus, would liberate an accused who had not by then been indicted and tried.

Habeas Corpus Act, 1679, 31 Charles II, c. 2 (Pickering's Statutes at Large, VII, 436):

Sec. VII. "* * * and if any person or persons committed as aforesaid, upon his prayer or petition in open court the first week of the term or first day of the sessions of oyer and terminer and general gaol-delivery, to be brought to his trial, shall not be indicted *and tried the second term*, * * * after his commitment, or upon his trial shall be acquitted, he shall be discharged from his imprisonment." (Italics added.)

Of this section Sir William Holdsworth says in History of English Law, IX, 118:

"* * * Prisoners indicted for treason or felony must be tried at the next sessions or bailed; but if it appear that the king's witnesses cannot be ready at that time, they may be committed till the following term; if not tried, then they must be discharged. * * *"

Virginia and Georgia appear to have enacted statutes along similar lines. Archbold, Criminal Practice and Pleading (8th Ed. with Pomeroy's notes), 335.

On the other hand, a cursory reading of the statutes relating to criminal trials shows that our Legislature has been mainly concerned with an accused wanting to unnecessarily delay his trial. Cf. Code 1940, T. 30, § 67; T. 15, §§ 316 and 317; also Archbold, supra, 334–6.

Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158, shows that there Flummer, on finally being served with cer-

tain indictments of the ripe age of twelve years, promptly petitioned the circuit court to dismiss these by now venerable true bills.

Here Duncan, for aught that we know, was glad to be ignored by the prosecution. Certainly all that is shown either by the English statute, supra, if it is the received Common Law in this State, or by § 6, Constitution 1901, requires some petition by the prisoner for prompt prosecution, particularly after commitment on the indictment.

Foster, J., in Flummer's case, supra, makes a distinction where the indictee is already serving a prison term. Here that distinction is not shown to apply.

■ Here, in Duncan's case, he has shown us nothing, either by way of pleading or proof, as to the how, when, how long and wherefore of the delay he complains of.

From the above quoted excerpt from the final judgment, there is no occasion for consideration of Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, because no testimony appears to have been taken.

■ Normally, of course, a petition for coram nobis should be based upon affidavits attached to the petition. This because the petition is, in essence, a motion to restore a criminal case to the docket of the court for another trial.

■■ Oral testimony on a coram nobis hearing should only be taken where the trial judge to whom the petition with the accompanying affidavits has been submitted considers further proof necessary in the interest of preventing a miscarriage of justice to the extent that coram nobis review permits. The convict does not need to be personally present at such a hearing, since, usually, the only matter available to him is argument.

In this record Duncan has exhibited a notice of intent to appeal, together with a request for a transcript of testimony, in "case no. 5940, State of Alabama vs. Dan Duncan." This request is based on Act No. 62 of September 15, 1961, the Griffin v. Illinois statute.

Case No. 5940 referred to therein appears to be the cause which lead to Duncan's conviction. Duncan was convicted on the 14th day of September, 1961, one day before the Legislature enacted the free transcript statute. According to § 9 thereof, if, on conviction September 14, 1961, he had given notice of appeal, Duncan then would have had ten days to have filed his petition so as to obtain a free transcript in the Talladega Circuit Court.

Moreover, Duncan had the right (by statute) to appeal for six months after conviction. Code 1940, T. 15, § 368.

■ Inasmuch as this period of time has long since expired and had expired when he sought coram nobis, we cannot consider any matter arising out of the denial of free transcript of the original trial.

Moreover, the State's motion to dismiss has appended as Exhibit A a minute entry of the arraignment, plea, verdict, etc., of Duncan's trial in said case 5940. This shows that Duncan, being present in propria persona *and by his attorney,* pled guilty to the indictment.

■ A plea of guilty in open court is a judicial confession acceptable at face value. If there was further evidence received, it could only go to the jury because of their statutory duty to set punishment in a robbery indictment.

■ Punishment, if within the range set by law, is not reviewable on appeal whether the defendant is rich or poor. Therefore, Act No. 62 (which applies only to testimony) has no operation in a trial where the defendant pleads guilty.

The judgment below is due to be

Affirmed.