204 So.2d 148

**William Walter FOSTER**

**v.**

**STATE.**

**7 Div. 832.**

Court of Appeals of Alabama.

Nov. 7, 1967.

Jas. F. Hinton, Gadsden, for appellant.

**140**

MacDonald Gallion, Atty. Gen., and Jas. H. Evans, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant, on September 14, 1962, was indicted for robbery. He was apparently then in Kilby Prison.

He claimed (in a written motion to dismiss the indictment) that "on to-wit, September 15, 1962," he made a written demand on the then solicitor that he be brought to trial. See Ex parte State, ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158.

The motion to dismiss was filed June 9, 1965, and the Circuit Court heard evidence thereon July 8, 1965. This evidence has not been sent up in the record before this court on appeal under Act 525, September 16, 1963.

July 29, 1965, the Circuit Court—again reciting that the evidence of both defense and State had been considered—overruled the motion to dismiss. (R. VIII.)

October 6, 1965, Foster was tried and convicted on the indictment. November 9, 1965, he appealed and prayed for a pauper's transcript. The transcript deposited by the court reporter with the circuit clerk embraces only the evidence taken on the trial before the jury October 5, 1965, et seq.

Under Code 1940, T. 15, § 389, we are enjoined to search the record without presumption—either for or against the prisoner or the prosecution.

Thus we find here a ruling on a constitutional right, i. e., of speedy trial. The ruling itself came from the consideration of evidence. Hence, we are unable to pass on this ruling without the evidence on the motion.

Under Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, our Legislature passed the poor prisoner's transcript statute, Act 525, supra. See Birdsell v. State, 41 Ala.App. 418, 133 So.2d 692, and Sanders v. State, 42 Ala.App. 419, 167 So.2d 174.

The submission is set aside and the cause is remanded to the Circuit Court for certification of the court reporter's transcript of evidence on the motion above referred to. This will be taken up under Supreme Court Rule 48.

Remanded.

JOHNSON, J., dissents.

JOHNSON, Judge (dissenting):

Appellant was arrested on April 26, 1962, for the robbery of Howard T. McClain and placed in the Etowah County Jail. Since appellant at the time of this arrest was on parole from serving a sentence for another offense committed within the State of Alabama, he was then transferred to Kilby Prison for violation of his parole to resume service of this sentence for the prior offense.

Appellant was indicted by the Grand Jury of Etowah County for the McClain robbery on September 20, 1962, and a certified copy of the writ of arrest on the indictment for this offense was sent by the sheriff to him at Kilby Prison in Montgomery.

Appellant filed a motion to dismiss this indictment on June 9, 1965, contending that the State failed to grant him a fair and speedy trial. His motion to dismiss was overruled by the trial court on July 29, 1965, and on that date in open court another copy of the indictment for this offense was delivered to appellant. Appellant was then ordered returned to Kilby Prison.

Appellant contended in this motion that he was denied his constitutional right to a speedy trial in that a period of forty-two (42) months elapsed from the date of his arrest to the date of his trial. Appellant contends that on September 15, 1962, he wrote a letter to Circuit Solicitor L. Charles Wright and inquired as to when he would be tried.

There does not appear in the record any evidence presented at the hearing held on the motion to dismiss indictments even though evidence was taken as indicated in the following excerpt from the judge's ruling:

"The defendant being present in person and being represented by counsel of his own choosing, and having offered evidence in support of the motion, and the State having offered evidence in opposition thereto, and the Court having heard the evidence and considered the same is of the opinion that said motion is due to be overruled."

We cannot presume facts which are not shown in the record. The burden of showing error is upon the appellant and such error must be supported by the record. Nowhere in the record is there any evidence of this alleged letter written to the Circuit Solicitor or of any other request for a speedy trial. We cannot say that the trial court was in error in overruling appellant's motion to dismiss indictments. Since there is no evidence contained in the record of the hearing of the proceedings on the motion, we must presume that the trial court was correct in its ruling, rather than assume it was in error. Cook v. State, 269

Ala. 646, 115 So.2d 101. See also Edwards v. State, 274 Ala. 569, 150 So.2d 710.

On October 5, 1965, appellant was tried and found guilty by a jury and sentenced by the trial court to fifteen years imprisonment. He now appeals from that judgment and sentence.

The State's first witness was Dr. Howard T. McClain who testified that in the late afternoon of April 23, 1962, appellant came into his pharmacy armed with a pistol and under threats of violence, took $20.00 in cash from him and he then identified appellant from a police lineup at the City Hall on April 24, 1962, and stated that he was positive that appellant was the person who robbed him.

Mr. Ned Simmons testified that he was employed as Chief of Detectives for the City of Gadsden and that in the course of an investigation of the robbery in question, he arrested appellant on suspicion of robbery on April 24, 1962. He stated that while riding in the police car appellant, without threats, inducements on the part of the officers, or any hope of reward, orally admitted committing the robbery.

Appellant's Assignment of Error No. 2 asserts that he did not waive his right to a speedy trial since he wrote a letter to the solicitor, which was all he knew to do before he obtained counsel.

Since the record reflects no proof of the alleged letter to the solicitor, I must presume that appellant waived his rights to a speedy trial by not demanding it. The appellant had been notified by mail at Kilby Prison of the charges against him and had ample opportunity to demand a speedy trial.

I have not only conducted a diligent search of the record, but have also made a separate inquiry into the existence of the letter in question, with no proof of the letter's existence being found. If appellant wished to have this alleged letter introduced into the record for evidentiary val-

ue, he should have placed it in the record pursuant to Code of Alabama, 1940, Tit. 7, Sec. 827(1).

The Code of Alabama, 1940, Tit. 15, Sec. 389, states in part as follows:

" * * * the court must consider all questions apparent on the record or reserved by bill of exceptions. * * *"

Thus, the court may and must consider the record, but is limited to what the record contains. James v. State, 28 Ala.App. 225, 181 So. 809.

The case of Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158, states as follows:

" * * * the majority view is that a demand for a trial or objection to the postponement of the trial, or some other effort to secure a speedy trial on the part of the accused, ordinarily must be affirmatively shown to entitle him to a discharge on the ground of delay. Frankel v. Woodrough, supra [8 Cir., 7 F.2d 796]; Phillips v. United States, 8 Cir., 201 F. 259, 262; Worthington v. United States, 7 Cir., 1 F.2d 154."

In the case of Worthington v. United States, supra, the Supreme Court of the United States stated as follows:

"The principal assignment of error is the ruling of the court in refusing to dismiss the defendants upon their plea, and sustaining plaintiff's demurrer thereto. The record fails to show a single effort made by defendant, or any other defendant, to avail himself of a speedy trial. No facts were pleaded bringing the case within the rule requiring a speedy trial; i. e., that the defendant was incarcerated, or, being enlarged, had appeared in open court demanding trial, or otherwise. Defendant's sole reliance was upon the bare fact that the case had not been prosecuted. If the defendant desired a speedy trial, it was his duty to ask for it, and we must assume that it would have been granted, had he made any effort to procure it. His long and un-

interrupted acquiescence in the delay bars his right to complain. Phillips v. United States, [8 Cir.,] 201 F. [259,] 262, 120 C.C.A. 149."

The appellant during this period was serving a sentence for a prior offense, and therefore was logically in prison. To indicate that his rights were affected, he must have taken some positive affirmative action to bring to the attention of the authorities his desire for a speedy trial or made some cry of protest for its delay, else his rights are waived, and he cannot be said to use them as an attempt to avoid due process of law at a later time. See Autrey v. State, 44 Ala.App. 53, 202 So.2d 88.

Appellant contends that the record indicates that the Sheriff of Etowah County mailed a copy of a writ of arrest to Kilby Prison but does not certify that it was ever served upon him (the appellant). He contends that the mere mailing of the letter to the solicitor should be sufficient, since the mailing of the writ was sufficient.

Code of Alabama, 1940, Tit. 13, Sec. 207, reads as follows:

"The clerk of any circuit court must, without delay, certify a copy of any indictment in his court against a convict sentenced to the penitentiary, or to hard labor for the county, to the head of the department having supervision over convicts; and such convict, if pardoned for the offense for which he is sentenced, must not be discharged until he enters into a recognizance to answer such indictment at the next session of the court in which the same is pending, if the case is bailable, or is otherwise legally discharged from such indictment."

See also Code of Alabama, 1940, Tit. 45, Sec. 68.

The record contains a copy of the "writ of arrest on indictment" for the offense of robbery with a note that a certified copy was sent to Kilby Prison on September 20, 1962, which reads as follows:

"WRIT OF ARREST ON INDICTMENT

"TO ANY SHERIFF OF THE STATE OF ALABAMA—

GREETINGS:

"An indictment having been found against William Walter Foster at the Fall Term, 1962, of the Circuit Court of Etowah County, for the offense of Robbery. You are therefore commanded forthwith to arrest said defendant and commit him to jail, unless he gives bail to answer such Indictment at said Court now in session and make return of this writ according to law.

"Witness my hand, this 18 day of Sept, 1962.

"                    Howard Kirby          Clerk.

"Bail fixed at $1,000.00

"                    Virgil Pittman
                    Judge.

"(Sheriff's Return)

"RECEIVED SEP 19, 1962          D. F. Colvard
                                Sheriff Etowah County

"Executed by arresting the within named

"Defendant and

"Jail 4—26—62

"Certified Copy to Kilby 9–20–62

"This the _____ day of _____, 196___.

"    /s/ Dewey Colvard
                    Sheriff.

"By _____D.S."

———◆———

As heretofore stated, there is no record evidence of the letter which the appellant contends he wrote to the Solicitor and inasmuch as the same is not contained in the record, it cannot here be considered.

Though I agree with the majority opinion that there exists a constitutional question involving speedy trial, I cannot agree that this cause should be remanded to find evidence for this court to consider. The record reveals no evidence to support appellant's contentions. To explore outside the record would open the door for continuous, unending, piecemeal submissions, and would in effect allow parties to add to a record long after the elapsed time available to counsel and then have their case taken from the consideration of this court to add additional alleged evidence.

I cannot agree that this "contest" in any way falls under Sup.Ct. Rule 48. There was no compliance with that rule by appellant's counsel submitting an affidavit of the transcript's defect or omission. There-fore, I feel it inapplicable here and must respectfully dissent from the majority opinion.