229 So.2d 913

**William Walter FOSTER**

v.

**STATE.**

**7 Div. 832.**

Court of Appeals of Alabama.

[Transferred to 7 Div. 1. Court of Criminal Appeals of Alabama.]

Aug. 19, 1969.

Rehearing Denied Sept. 9, 1969.

James F. Hinton, Gadsden, for appellant.

---

**324**

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

ALMON, Judge.

In Foster v. State, 44 Ala.App. 139, 204 So.2d 148, the submission was set aside and the cause was remanded to the Etowah County Circuit Court for certification of the court reporter's transcript of evidence on appellant's motion to dismiss the indictment. The supplemental transcript was filed in this court on July 2, 1968, and the cause resubmitted on September 5, 1968.

While on parole, appellant was arrested on April 26, 1962, for robbery and sent to Kilby Prison as a parole violator. On September 14, 1962, the Grand Jury of Etowah County returned the instant indictment against appellant for robbery. On June 9, 1965, he filed a motion to dismiss the indictment alleging denial of his constitutional right to a speedy trial. § 6, Alabama Constitution.

After a hearing, this motion was denied on July 29, 1965. Appellant was tried, found guilty and on October 6, 1965, sentenced to fifteen years in the State penitentiary. From this judgment he appeals, insisting that the trial court erred in denying his motion to dismiss the indictment.

At the speedy trial hearing, M. S. Dean, Records Clerk for the State Board of Corrections, testified that appellant had been incarcerated since May 15, 1962, and that on September 20, 1962, he received a letter from Sheriff Colvard enclosing a certified copy of the writ of arrest on indictment and asking that a detainer be placed against appellant. Mr. Dean further testified that the following memo was given to appellant in Kilby Prison on September 24, 1962:

Kilby Prison

"Memo                    Date 9/24/62

"TO: William Foster #66596

"FROM: Marlin C. Barton,
          Classification Officer

"RE: Detainer

"This is to inform you that detainer has been placed against you for the offense of robbery, by Mr. Dewey V. Colvard, Sheriff Etowah County, Gadsden, Ala.

"cc: Inst. File
       File."

Appellant testified that he was never served with the indictment and did not know of its existence until his attorney informed him by letter dated July 3, 1965. He further testified that he received the

above memo and on October 15, 1962, he mailed a letter addressed to Mr. Charles Wright, Circuit Solicitor of Etowah County. He testified that he wrote the letter with a pen and made a pencil draft, that he had lost the pencil draft but, some two years after he had written the letter, he got an inmate to type a copy of the pencil draft. He was not permitted to introduce the typewritten copy of the pencil draft but the court allowed him to testify to the contents of the alleged letter as follows:

"Q. Do you have an independent recollection of what you said in your letter of October the 15th to the Solicitor of this Judicial Circuit?

"A. I asked if I had been indicted and if so, what date had been set for my trial; that was the substance of the letter."

The Honorable Charles Wright, who was Circuit Solicitor in Etowah County during the Fall of 1962, testified that he had no recollection of receiving any correspondence from appellant and that it was the practice in his office to keep a file on each defendant and to file all correspondence relating to a case in the particular defendant's file. He further testified that when he vacated the office of Circuit Solicitor or District Attorney, he left all his files intact in his office.

The Honorable William Rayburn, the present District Attorney and successor to Mr. Wright, testified that he had made a search of his office and had not found any correspondence from appellant.

Mrs. Deloris Pritchard, Deputy Clerk of the Circuit Court of Etowah County for eleven years, testified that the writ of arrest on indictment was issued on September 18, 1962, and given to the sheriff; that this writ was not returned to the clerk's office until June 9, 1965, when the case was first docketed; that the record did not show service of the indictment on appellant; that there was no request for a continuance by appellant; and that she had not received any communication or correspondence from him. She further testified that eighteen weeks of criminal court had been held in Etowah County between the time of indictment and the time the motion was heard.

Appellant filed his motion to dismiss six days after he learned of the existence of the indictment. This was approximately two years and nine months after the indictment was returned by the grand jury. He was tried approximately three years after indictment.

■ Appellant contends that he was denied the right to a speedy trial and relies on Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158, where the Supreme Court stated the following:

"* * * But the *majority view* is that a demand for a trial or objection to the postponement of the trial, or some other effort to secure a speedy trial on the part of the accused, ordinarily must be affirmatively shown to entitle him to a discharge on the ground of delay. * * *

"We think a just interpretation of it would be that a prisoner in the penitentiary or in jail, who stands indicted on another charge, cannot be said to have waived his right to a speedy trial by failure to demand trial unless he has *knowledge of the indictment* and is called upon directly or indirectly to make an election, and he *voluntarily acquiesces in a delay*, and that when he has no opportunity to acquiesce in the delay he should not be regarded as having waived his right. * * *" (Emphasis added.)

Appellant had knowledge of the charge against him but he did not have knowledge of the indictment; i. e. the formal accusation necessary before anyone can be put to trial for an indictable offense in this jurisdiction. Streanger v. State, 21 Ala. App. 600, 110 So. 595. We are compelled to make this distinction in view of the

**326**

language in Ex parte State ex rel. Attorney General, supra.

We hold that when a prisoner is in the penitentiary and is indicted on another charge, he must have knowledge of the indictment before he can be said to have acquiesced in the delay of his prosecution and waived his right to a speedy trial. Knowledge of the indictment is a prerequisite to a waiver.

We are of the opinion that a delay of two years and nine months, without any reason for such delay being shown by the State, is too long.

Delay in bringing accused to trial must be justified on grounds of reasonableness and good cause. This, the State failed to do. The right to a speedy trial is not violated if there is a good cause for the delay. However, an unreasonable delay arising from negligence of the prosecution without fault or consent by appellant violates the constitutional guaranty of a speedy trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.