229 So.2d 819

**James June BAGGETT**

v.

**STATE.**

**6 Div. 24.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1969.

Paden & Green, Bessemer, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant, James June Baggett, was indicted and convicted of assault with intent to murder. His punishment was fixed at fifteen years imprisonment in the state penitentiary.

According to the state's evidence, about six or seven o'clock on the night of February 9, 1967, defendant entered a "Qwik Mart" store in Bessemer, Alabama, with a gun in his hand, and said to the persons in the store, "This is a hold up." Defendant fired the gun, the bullet passing through a leg of Mr. Bullock's pants. He then told Mr. Bullock to open the cash register and Mr. Bullock obeyed. Defendant took the money out of the cash drawer and left the store. Mr. Bullock then called the police.

The evidence further shows that the bullet fired from defendant's gun was found on the floor of the store by the investigating officers, where it fell after going through a wooden Coca Cola case. The bullet was turned over to a state toxicologist. The state toxicologist testified this bullet and another bullet which he removed from the dead body of one Joe Steadman, February 13, 1967, in Tuscaloosa County, had been fired from the same gun.

The defendant testified that at the time of this trial he was serving a life sentence in the penitentiary. He denied being in the Qwik Mart; denied firing the gun at Mr. Bullock and said he never saw Mr. Bullock prior to the trial. During the cross examination of defendant it was brought out that the life sentence he was serving was for the offense of murder, but he refused to answer whether or not the murder occurred during the robbery of a Tuscaloosa service station, or that the man killed was Joe Steadman.

The appellant complains of the admission of the evidence tending to show a crime separate and distinct from the one charged in the indictment.

■ The well established general rule is that proof of separate and distinct crimes is not admissible, unless such proof has some legitimate tendency to shed light on motive, intent, scienter, or identity, so as to directly establish the defendant's guilt of the charge for which he is on trial. Williams v. State, 245 Ala. 32, 15 So.2d 572; Garner v. State, 269 Ala. 531, 114 So. 2d 385.

■ We are of opinion there was no error in admitting the evidence concerning the bullet removed from Steadman's body. It tended to shed light on the iden-

tity and intent of the appellant in this cause.

Appellant was indicted on September 15, 1967. Service was had of the indictment on October 8, 1968, at which time he was in prison. On November 1, 1968, the trial court, having found appellant unable to employ counsel, appointed an attorney to represent him, after which he was arraigned, plead not guilty and the case was set for trial November 4, 1968. On November 4, 1968, appellant moved for a continuance, which motion was granted, to December 11, 1968. On December 11, 1968, the case was passed on the court's motion to February 14, 1969, due to an insufficient number of jurors. On February 14, 1969, the case was passed as unreached. On February 27, 1969, appellant filed a motion to dismiss the indictment, in which motion he alleged that he had been denied a speedy trial. After a hearing on the motion it was denied and the case proceeded to trial on that day.

■■ In Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158, the court held that a demand for a speedy trial, objection to the postponement of the trial, or some other effort to secure a speedy trial, ordinarily must be affirmatively shown to entitle an accused to a discharge on the ground of delay. The appellant alleged in his motion that he wrote numerous letters to "the officials of the Circuit Court in Bessemer, Alabama, in an attempt to have the cases adjudicated as law and justice requires, and in January 1968 movant filed a motion for a fair and speedy trial * * *." The trial court heard and considered the motion. There is no affirmative showing in the record that any previous request was made for an earlier trial. It is also noted that appellant applied for and was granted a continuance after January, 1968. The other continuances were occasioned by unavoidable circumstances. "Continuances in the discretion of the presiding judge, or delay occasioned by want of time to try, or any like necessitating circumstances, do not contravene the right to a speedy trial." Sample v. State, 138 Ala.

259, 36 So. 367. There was no error in the denial of the motion to dismiss the indictment.

The case of Foster v. State, 45 Ala.App. 323, 229 So.2d 913, is distinguishable on the facts.

We have carefully reviewed the record and find no reversible error. The judgment is affirmed.

Affirmed.