258 So.2d 915

William MOULDEN

v.

STATE.

3 Div. 129.

Court of Criminal Appeals of Alabama.

March 7, 1972.

John D. Cates, Jr., Montgomery, for :appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment in this case charges grand larceny of a typewriter. Jury trial resulted in judgment and sentence of two years imprisonment; hence this appeal.

The State's evidence consisted of testimony of two police officers who, on November 30, 1970, while on active duty, did receive a call to go to the main office of the Salvation Army in Montgomery, Alabama, which had requested assistance. Upon arrival at the Salvation Army office, one of the employees advised that "a colored person had stolen a typewriter." The officers found the stolen typewriter approximately forty yards from the front door of the Salvation Army office in an alley. Thereafter, accompanied by two employees of the Salvation Army, the two officers began to patrol the general area and apprehended the appellant. He was identified by both Salvation Army employees and placed on the back seat of the police car with the typewriter. Following the reading of a *Miranda* warning from a card carried by the officers (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694), they then questioned the appellant who stated "he wanted to trade it for something." The appellant was taken to police headquarters and there a warrant was sworn out by Mrs. Jane Hilary, the receptionist, at the Salvation Army office, charging the appellant with grand larceny of the typewriter.

At trial the State presented the testimony of one Lillie Mae Matthews, who identified the appellant as leaving the front door of the Salvation Army building on the date in question, in a hurry, with a typewriter in his hands.

Also testifying for the State was Mr. David New, an assistant to Major Lewis at the Salvation Army office, who identified the typewriter in question as belonging to the Salvation Army office at Montgom-

ery, and that this was taken on the date in question from the receptionist's office. The typewriter was then placed in evidence.

 Defense counsel at the conclusion of the State's evidence moved for a directed verdict which was denied by the able trial judge. He also moved for a dismissal of the charges against the appellant on the basis of an alleged denial of a speedy trial and also the failure of the State to have an indictment returned at the February 1971 Term of the Grand Jury of Montgomery County rather than the May 1971 Term.

The State's evidence showed that the sheriff's office had been looking for the address of Lillie Mae Matthews, and had not been able to locate her in time for an appearance at the February 1971 Term, but she did testify at the May 1971 Term. Also, as a "basis for the alleged denial for a speedy trial," was the failure of the State to call the party who swore out the warrant, the receptionist at the Salvation Army office. The State countered by showing that Mrs. Hilary was with her husband who was stationed on the Island of Okinawa in military service. Also, defense had questioned failure to call a Mr. John Dawkins, the other employee of the Salvation Army who had been in the police vehicle; he was shown to be in the Veteran's Hospital at Gulfport, Mississippi, for treatment.

Nowhere in the record is any contention made by the appellant that the testimony of the two former Salvation Army employees would have been beneficial to him, nor that he had made any effort to locate them, nor did he attempt to have them subpoenaed. Further, the record does not reflect that any effort was made prior to trial date to have the alleged denial of a speedy trial brought to the attention of the trial court. Under Article I, Section 6, Constitution of Alabama 1901, our Supreme Court has determined that a defendant must make "a demand for a trial or objection to the postponement of the trial, or some other effort to secure a speedy trial on the part of the accused, ordinarily must be affirmatively shown to entitle him to a discharge on the ground of delay." Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158; Duncan v. State, 42 Ala.App. 111, 154 So.2d 302; Autrey v. State, 44 Ala.App. 53, 202 So.2d 88. The record here reflects no such demand.

For aught that appears in the record, the testimony of the two Salvation Army employees, who were out of State and were therefore unable to testify, would have been more damaging to the appellant than favorable. No effort was made to locate either of them by the appellant nor to request subpoenas for their presence. The State on the other hand had spent some two days attempting to locate all its witnesses, and we do not feel that this is unreasonable, nor that there was unreasonable delay in presenting the case to the Grand Jury of Montgomery County.

As pointed out in Sample v. State, 138 Ala. 259, 36 So. 367:

" . . . The accused is not entitled to a discharge by reason of any delay made necessary by the law itself. . . . The right of a speedy trial does not operate to deprive the state of a reasonable opportunity of prosecuting criminals. . . ."

We note that the brief delay from the February 1971 Term until the May 1971 Term in returning the indictment against the appellant did not prejudice his right to a speedy trial in this cause under the record as presented to this court.

" . . . Larceny is the felonious taking and carrying away the personal property of another, with the fraudulent intent to convert it to the use of the taker, or to deprive the owner thereof." Higgs v. State, 113 Ala. 36, 21 So. 353.

Under the evidence presented by the State, above recited, it is our judgment that the legal requirement of making out a prima facie case against the appellant was here done. The trial judge therefore properly denied the appellant's motion for a directed

verdict and the requested affirmative charge.

We find no error in the record, and the judgment must be affirmed.

Affirmed.

PRICE, P. J., and CATES and ALMON, JJ., concur.