BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant-defendant, an adult indigent, was indicted for rape. Trial and conviction therefor followed. The jury fixed punishment at ten years imprisonment. This appeal is from a judgment entered pursuant to the jury’s verdict.
I
Prior to the trial, defendant filed a motion with the circuit clerk as follows:
“MOTION TO DISMISS
“Comes now the defendant by and through his attorneys, John Tinney and W. Larry Ray, and moves the Court to dismiss the above styled case against him on the basis that the State ought to be collaterally estopped from prosecuting this action in that on the 23rd day of May, 1975, at the Spring Session of the Circuit Court of Macon County, Alabama, the defendant was acquitted of the charge of first degree burglary of the home occupied by the victim who is the subject of the above styled cause of action.
“Further that the acquittal of the burglary charge, in substance, was equivalent to a verdict and finding by the jury that the defendant herein was not at the residence of Mrs. Sara Gladys Smith at the time of the alleged offense which is the subject of this indictment.
“WHEREFORE, defendant moves that the State ought not to prosecute the above action on the grounds of collateral estoppel and double jeopardy.
“s/ John A. Tinney Attorney for Defendant
“Filed: November 4, 1975”
Also on the same date he filed with the circuit clerk a plea as follows:
“PLEA OF AUTREFOIS ACQUIT
“Comes the defendant by and through his attorneys, John Tinney and W. Larry Ray, and for plea says:
“He ought not to be required to answer this indictment and that the State ought not to prosecute the same against him, because at the Spring Session of the Circuit Court of Macon County, on to-wit: the 19th and 20th days of May, 1975, he was charged and put upon trial under an indictment charging that he did, break into and enter an inhabited dwelling in the possession of Dr. Murray Smith located at 403 Elm Street, Tuskegee, Alabama, which was occupied by Dr. Murray Smith and Sara Gladys Smith, persons lodged therein, and that after trial, hearing, and consideration as to said offense, the defendant was acquitted and discharged. And the defendant says that he is now charged in this indictment with raping Mrs. Sara Gladys Smith, which is based upon the same matter and transactions as that for which he was tried and acquitted as of foresaid in the first indictment. All of which the defendant is ready to verify, and prays that he be discharged in the present indictment.”
The State, on November 11,1975, filed an instrument as follows:
“REPLICATION TO DEFENDANT’S MOTION OF AUTREFOIS ACQUIT
“Comes the State of Alabama by and through the Attorney General for said *1366 State, and for replication to the defendant’s plea says: That the state ought not to be precluded from prosecuting the said indictment against the defendant on account of any fact stated in said plea, because he says:
“1. That the offense for which the defendant was first tried is not identical to a common intent, with the charge in the second indictment.
“2. That the offense for which the defendant is presently charged is not precisely the same in law and fact as the former one relied on under the plea of autrefois acquit.
“3. That the facts as averred in the second indictment for rape, if found to be true, would not warrant a conviction upon the first indictment for burglary (with the intent to steal).
“4. That the facts necessary to convict on the second prosecution would not necessarily have convicted on the first.
“5. That the facts which will convict on the second prosecution would not be sufficient to convict on the first.
“6. That rape and burglary are not identical crimes in law or in fact.
“All of which the solicitor is ready to verify, and he prays judgment that the defendant be convicted of the premises in said indictment alleged.”
Neither of the instruments, supra, was verified under oath. We pretermit discussing the necessity, vel non, of such verification. We merely note that they were not verified.
The motion and the plea, supra, had a common objective, although in different form. The objective was to preclude the trial of rape indictment because defendant on a prior occasion had been tried and acquitted of an indictment for burglary of the house occupied by the victim who is the subject of the instant cause of action.
We note that the defendant did not offer any evidence in support of his motion and plea of autrefois acquit. In the absence of evidence to support the issues, if any, created by these instruments, we have nothing to review. One offense is for burglary and the other for rape.
This Court cannot take judicial knowledge of the record in the Circuit Court. Rhodes v. Downing, 13 Ala.App. 494, 68 So. 788, cert. denied Ex parte Rhodes, 195 Ala. 696, 70 So. 1014. This Court takes judicial knowledge of its own records and the Circuit Court of its records. Statham v. Statham, 282 Ala. 322, 211 So.2d 456(6); Lovejoy v. State, 32 Ala.App. 140, 22 So.2d 532(2), cert. denied 247 Ala. 48, 22 So.2d 537; 9 Alabama Digest, Evidence, @=»43(2), page 61. So we are not informed by judicial notice or evidence as to the issues created and tried in the burglary case. It could be that there was failure of adequate proof that the residence, the scene of the alleged rape, was broken into, which is a necessary element of burglary. As we say, the issues in the alleged burglary trial are not before this Court for consideration. We will not look to the instant record for such absent issues.
We will not charge the trial court with error in overruling the motion and plea, supra.
II
The next contention that appellant asserts as error is the admission of evidence, over defendant’s timely and appropriate objection, relating to another burglary and theft on the same night by defendant. But this evidence was admissible if it tends to identify defendant as the guilty party who broke into the residence (on the same night) of the alleged victim of rape and was guilty of the rape.
We note here that the victim of the alleged rape took the stand and could not identify her assailant. So the State had to resort to outside testimony and circumstances to establish and identify the defendant as the guilty one. This was done by evidence which we will briefly delineate. Defendant timely and appropriately objected thereto. These objections were overruled.
The State offered a witness, Mr. Gregg, who testified that on the night of January *1367 31 and February 1, 1973 (the same night that the rape occurred) his dry cleaning and laundry plant was broken into and entered, wherefrom two watches, in his constructive possession, were stolen. One of the watches was a Bulova and the other a Timex.
It further appears from the evidence of another witness that he purchased a Bulova watch from defendant and paid him $5.00 therefor; that at the time of the purchase, defendant told him that if the Bulova watch was not satisfactory, or words to that effect, that he had another watch he would let him have. The witness, Gregg, the laundry owner, identified this Bulova watch, the subject of sale, as the one stolen from his laundry on the night of the entry, January 31, — February 1, 1973.
During the trial, evidence was adduced and admitted that a group of highway patrolmen, probably nine or ten in number, lined up at arms’ length from each other and made a detailed search of the premises .immediately to the rear of the residence where defendant lived at the time of the search. This search covered a distance of about 100 feet in depth. This search was soon after the laundry burglary.
While making the search, one of the officers discovered a glass jar, according to his evidence, containing two watches, one a Timex, and the other a Jaguar LaCougar. The Timex was identified by the laundry owner, Mr. Gregg, as the one taken from his laundry. The other was properly identified as the one stolen from the home of the alleged rape victim on the night of said offense. In the glass jar was a paper napkin that was similar to napkins found in the defendant’s home which they searched on the occasion when the premises to the rear of the house were searched. A well-trodden path led from defendant’s home to the jar.
We think this evidence tended to establish the identity of defendant as the alleged rapist. That being true, it was admissible. Baggett v. State, 45 Ala.App. 320, 229 So.2d 819(1) (1969); McCary v. State, 39 Ala.App. 642, 107 So.2d 903(3), cert. denied 268 Ala. 697, 107 So.2d 906.
As we view the evidence, defendant’s possession of the Bulova carried a strong inference that he also had possessed the Timex found behind his house. Both the Timex and the Bulova watches were, according to the evidence, stolen on the same night.
The possession of recently stolen goods will support an inference of burglary if there is also proof of breaking and entering so connected in time as to permit the further inference that the larceny was the product of the breaking and entering. Wildman v. State, 42 Ala.App. 357, 165 So.2d 396, cert. denied 276 Ala. 708, 165 So.2d 403.
Here, the evidence shows that defendant was in the constructive possession of the Timex found in the jar behind his house.
Also in the jar was the Jaguar LaCougar watch which was also recently stolen from the house of the rape victim. Thus, an inference could be drawn that the defendant had prior actual possession of both watches found in the jar. Such possession of both watches carries a reasonable inference that he committed both burglaries— the one in the laundry and the one in which the rape victim resided. All of this evidence tended to identify defendant as the person who forcibly entered the home of the rape victim and sexually assaulted her. The evidence was all admissible to that end.
We wish to note that in the instant trial, defendant did not testify and did not offer any evidence at all.
We think the record is free of any erroneous ruling by the court and should be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7,1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur except CATES, P. J., not sitting.