# Hardin *v.* The State.

## *Assault.*

(Decided June 10, 1913. 63 South. 18.)

·1. *Appeal and Error; Review; Exception.*—Where the record does not show an exception reserved to a ruling on a motion for a continuance, or to reduce a fine, such rulings are not presented for review.

2. *Witnesses; Examination; Re-direct.*—Where a defendant on cross-examination brought out the fact, or attempted to bring it out, that the assaulted party had taken and carried away a skiff belonging to him,. it was competent for the state to elicit an explanation of the circumstances of the taking, such as that the party had made arrangements with a third person for the skiff and did not know that it belonged to defendant when he took it.

3. *Evidence; Uncommunicated Motive.*—It is not proper to permit a witness to testify as to an uncommunicated motive or purpose, and hence, a question to a witness as to why he did not go to defendant and tell him of the circumstances of taking his skiff was objectionable.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

William M. Hardin was convicted of an assault and he appeals. Affirmed.

WILLIAM C. RAYBURN, and MACK KILCREASE, for appellant. Counsel discuss the errors assigned, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss the errors assigned, but without citation of authority.

WALKER, P. J.—The record does not present for review any ruling of the court on a motion of the defendant for a continuance of the case, or on his motion to reduce the fine imposed upon him. The bill of exceptions

does not show that the defendant's objection to going to trial was called to the attention of the court, or that the court took action on such an objection, or that any exception was reserved to any ruling on that subject. And no exception was reserved to the ruling made on the defendant's motion to reduce the fine.

On the cross-examination of the state's witness Boyd Rice, who was the person alleged to have been assaulted by the defendant, he was asked about his taking and carrying away a skiff, which the defendant claimed was his property. It was permissible for the prosecution, in the rebuttal examination of the witness, to elicit an explanation of the circumstance of his taking the skiff, and thereby rebut the inference unfavorable to the witness that might have been drawn from that circumstance if it had remained unexplained. The question as to the witness having made arrangements with some one for the skiff was appropriate to this end, and the court was not in error in overruling the defendant's objection to that question. For the same purpose it was permissible for the state to adduce evidence of the witness' lack of knowledge, at the time he got the skiff, of the fact that it belonged to the defendant.

The question asked the same witness on his cross-examination as to why he did not go to the defendant and tell him about the circumstances attending the taking of the skiff was subject to objection, as calling for a statement by the witness of his uncommunicated motive or purpose.—*Cagle v. State,* 151 Ala. 84, 44 South. 381; *Jacobs v. State,* 146 Ala. 103, 42 South. 70.

It is not claimed in the argument of counsel for the appellant that the court was in error in any other ruling which is presented for review; and we find no reversible error in any of the court's rulings.

**Affirmed.**