## COOK v. STATE. (4 Div. 998.)

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied May 19, 1925.)

1. False pretenses ⬤⟾5—Evidence of defendant's intention to make payments on indebtedness subsequent to transaction by which he secured money by false pretenses held inadmissible.

In prosecution for obtaining money by false pretenses, under Code 1907, § 6920, when defendant in mortgaging his property misrepresented his title thereto, evidence tending to show defendant's intention to make payments on indebtedness at a time subsequent to transaction was inadmissible.

2. Criminal law ⬤⟾1137(5)—Irrelevant questions no ground for complaint, where defendant himself raised question or began inquiry.

In prosecution for obtaining money by false pretenses, when defendant in mortgaging his property misrepresented his title thereto, that questions propounded to witness by state as to transaction with defendant, with reference to obtaining a certain car as a payment on mortgage debt, etc., were irrelevant was no ground for complaint, where defendant himself raised question or began inquiry.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

J. Math Cook was convicted of obtaining money under false pretense, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Cook, 104 So. 838.

Fleming & Yarbrough, of Enterprise, and J. N. Ham, of Elba, for appellant.

In order to establish the corpus delicti, fraudulent intent must be shown. Showing that the defendant received checks is not proof that he obtained money. Defendant was entitled to the affirmative charge. Sherard v. State, 16 Ala. App. 129, 75 So. 721; Pollock v. State, 19 Ala. App. 156, 97 So. 237; Hendrix v. State, 17 Ala. App. 116, 82 So. 564.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The checks were competent as showing when and how the money was obtained. Foster v. State, 16 Ala. App. 459, 78 So. 721. Error, if any, in admission of testimony, is cured when defendant testifies to the same fact; and where defendant has raised a question the state may cross-examine and bring out the entire transaction. 4 Michie's Ala. Dig. 575; Hardin v. State, 8 Ala. App. 215, 63 So. 18; Norris v. State, 16 Ala. App. 126, 75 So. 718; Murphy v. State, 14 Ala. App. 78, 71 So. 967.

RICE, J. The defendant was tried and convicted for obtaining money under false pretenses under the provisions of section 6920 of the Code of 1907. The allegation, in varying forms in different counts of the indictment, was, in substance that he did falsely pretend to V. D. Jones, with intent to defraud, that he owned, free of incumbrance, to wit, 290 acres of land, and by means of such false pretense obtained from the said V. D. Jones money in an amount such that he would be guilty of a felony.

As said by Mr. Justice Head in the opinion in the case of Meek v. State, 117 Ala. 116, 23 So. 155:

"If the offense charged was committed, at all, it was committed at the time the goods [in this case, money] were obtained. If they were obtained by means of the false pretense alleged with the intent at the time to defraud, the offense was complete, and though the defendant may have afterwards repented and paid for the goods, even on the very day due, he was none the less guilty by reason thereof; and e converso, if when he obtained the goods he had no intent to defraud, or had not made the alleged false pretense which induced the party to part with the goods, he was not guilty at all, whether he afterwards paid for them or not, and without regard to whether he afterwards formed a fraudulent intent not to pay for them. Carlisle v. State, 77 Ala. 71."

[1] What we have quoted above disposes of, adversely to appellant, all those exceptions reserved to rulings of the trial court on the admission or rejection of evidence tending to show the intention or purpose of the appellant to make payments on the indebtedness incurred at a time subsequent to the transaction made the basis of the indictment.

[2] It is true the questions propounded to the witness Aubrey Jones, and his answers

thereto, as to the transaction with the defendant with reference to obtaining a certain car as a payment on the mortgage debt, the price allowed for same, its value, the methods used for obtaining same, etc., were irrelevant, but the appellant himself raised the question, or begun the inquiry, and the state then had the right, on redirect examination, to draw out testimony as to the entire transaction. Hardin v. State, 8 Ala. App. 215, 63 So. 18; Murphy v. State, 14 Ala. App. 78, 71 So. 967; Norris v. State, 16 Ala. App. 126, 75 So. 718.

All of the other exceptions reserved were as to matters rendered entirely harmless by the testimony of the defendant. He admitted every essential averment contained in the indictment, with the single exception of that of his making the statement at the time of procuring the money that his property was unincumbered. As to this there was a clear-cut dispute, and under the very able, full, and accurate oral charge of the court this question was fairly submitted to the jury.

Finding no prejudicial error in the record, the judgment appealed from will be affirmed.

Affirmed.