91 So.2d 518

**S. C. PHILLIPS**

v.

**STATE.**

**4 Div. 318.**

Court of Appeals of Alabama.

Dec. 18, 1956.

S. Fleetwood Carnley, Elba, for appellant.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The indictment against this appellant ·charged that he did "falsely pretend to J. F. Brunson, the President of the Exchange Bank of Elba, Alabama, a banking corporation, with intent to defraud, that he had unencumbered, one black Jersey cow and male yearling, one cream colored Jersey cow and heifer Calf, two cream colored Jersey bulls, and one 1949 Ford One-half ton pickup truck, motor number 87HC102285, and by means of such false pretense, obtained from the said J. F. Brunson, as such President, One Hundred Dollars ($100.00)."

For the State J. F. Brunson testified that the appellant applied for a loan of $100 from the Exchange Bank of Elba, and offered as security the property described in the indictment above. This witness filled out the loan application. The appellant told him he owned a filling station with a stock of goods therein worth $800, with fixtures worth $700, and he had a debt esti-mated at $200 against the operation of the filling station. The appellant further told Mr. Brunson he did not owe any other money.

A mortgage covering the items mentioned in the indictment was executed by the appellant to the bank, together with a note, and the loan was processed, this transaction occurring on 18 February 1954.

Later Brunson discovered the appellant had filed bankruptcy proceedings, and thus learned that the property covered by the bank's mortgage had also· been previously mortgaged to other parties.

J. A. Weeks, a witness for the State, testified that on 27 January 1954 the appellant has borrowed $300 from him, and as security for the loan had executed a mortgage to him, the mortgage covering "3 Milk Cows and Inc.—1 Heifer and Inc. —2 Bulls—1 1949 Ford ½ Ton Truck Motor No. 87HC102285."

Both of the abovementioned mortgages were received in evidence.

In his own behalf the appellant testified that at the time he processed the loan at the bank he hold Mr. Brunson that he owed $300 to Mr. Weeks, and that he had borrowed this amount to buy the filling station, and nothing was asked about any other debts.

■ The constituent elements of the crime of false pretense are (1) the pretense, (2) its falsity, (3) obtaining property by reason of the pretense, (4) knowledge of the accused of the falsity of the pretense, and (5) intent to defraud. Holloway v. State, 37 Ala.App. 96, 64 So.2d 115; Simmons v. State, 30 Ala.App. 211, 4 So.2d 903.

■ Under the State's evidence the jury was reasonably justified in finding all of the above elements. That the appellant's testimony tended to contradict the existence of one or more of the required elements of false pretense of course raised but a question of fact solely within the province of the jury to resolve.

The lower court therefore did not err in refusing appellant's motion to exclude

**634**

the State's evidence because of its insufficiency, nor did the court err in denying the appellant's written request for the hypothesized affirmative charge timely made.

During the cross examination of State's witness Brunson the court sustained the State's objection to a question seeking to elicit testimony as to whether, at the time he was at appellant's bankruptcy hearing in Dothan, a receipt for the Ford truck described in the indictment and the two mortgages, had been given to the appellant by J. C. Fleming, an attorney for the Exchange Bank of Elba.

The evidence sought was immaterial, since a ratification, condonation, or settlement of a claim by a prosecuting witness subsequent to the commission of the offense will not disturb a criminal prosecution. May v. State, 115 Ala. 14, 22 So. 611; Meek v. State, 117 Ala. 116, 23 So. 155; Cook v. State, 20 Ala.App. 622, 104 So. 837.

No error infecting this record, this judgment is due to be affirmed, and it is so ordered.

Affirmed.