227 So.2d 134

**Eugene H. EDWARDS**

**v.**

**STATE.**

**I Div. 13.**

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Arthur Parker, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

Kenneth Cooper, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a conviction of obtaining property by false pretenses. Appellant was sentenced to ten years in the State penitentiary.

The evidence showed that Robert Young owned and operated Dixie Furniture Company in Foley, Alabama, and that appellant "purchased" a lamp and clock from Young. Young's undisputed testimony showed that

appellant wrote a check on the Farmers and Merchants Bank of Foley for $85.75 made payable to Dixie Furniture Company for the above items; that appellant represented to Young that he had a bank account with the above mentioned bank with sufficient funds to cover the check; and that Young was later informed by the bank that appellant did not have an account. The check was returned stamped, "no account."

Appellant argues that there was a material variance between the averments in the indictment and the proof since the evidence showed the check was made payable to Dixie Furniture Company and the indictment alleged ownership of the property in Young. This argument is without merit. In Clonts v. State, 42 Ala.App. 287, 161 So.2d 155, this court held that where the indictment alleged ownership of goods obtained by false pretenses was in an individual, and proof showed ownership was in a corporation, there was a fatal variance. Here, the individual was the owner and operator of the company and there was no agency relationship involved. He was the sole proprietor of the company; consequently, title to the property was in him.

See Gardner v. State, 4 Ala.App. 131, 58 So. 1001, where this court held that proof of partnership between two persons named in the indictment as persons from whom money was taken by false pretenses, was not essential.

Appellant further contends there was error when he was not permitted to show that he returned the property to Young. The property was not returned until after appellant was in custody. This contention is also without merit. In Meek v. State, 117 Ala. 116, 23 So. 155, we find:

"If the offense charged was committed at all, it was committed at the time the goods were obtained. If they were obtained by means of the false pretense alleged, with the intent at the time to defraud, the offense was complete, and,

though the defendant may have afterwards repented, and paid for the goods, [or returned the goods] even on the very day due, he was none the less guilty by reason thereof; and eo converso, if, when he obtained the goods, he had no intent to defraud, or had not made the alleged false pretense which induced the party to part with the goods, he was not guilty at all, whether he afterwards paid for them or not, and without regard to whether he afterwards formed a fraudulent intent not to pay for them. Carlisle v. State, 77 Ala. 71."

See also Cook v. State, 20 Ala.App. 622, 104 So. 837. In Carlisle v. State, 77 Ala. 71, the court held that it was error to exclude testimony that the defendant offered to pay back the money with interest two or three weeks after he obtained it by false pretense. We feel, as did the court in *Carlisle,* supra, that this testimony could not disprove anything alleged against appellant. Neither was it part of the res gestae so as to be relevant on the question of appellant's intent when he uttered the pretense.

The judgment in this cause is due to be and the same is hereby

Affirmed.