289 So.2d 663

**Wilbro HAMILTON, Jr., alias**

v.

**STATE.**

**6 Div. 567.**

Court of Criminal Appeals of Alabama.

Jan. 29, 1974.

Josh Mullins, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Samuel L. Adams, Sp. Asst. Atty. Gen., Dothan, for the State.

HARRIS, Judge.

Hamilton was put to trial upon a two count indictment charging (1) grand larceny and (2) buying, receiving and concealing stolen property. The property involved in this case was a 1966 two-door Cadillac convertible automobile. At arraigment, attended by court-appointed counsel, he pleaded not guilty. He was convicted under the grand larceny count and the court sentenced him to three years imprisonment

in the penitentiary. At the time he was sentenced, he did not give notice of appeal. Subsequently, and within the time allowed by law, he gave written notice of appeal as an indigent. He is here with a free transcript and the lawyer who represented him at trial was appointed to represent him on this appeal.

The indictment laid the ownership of the automobile in Floyd Hyman and R. D. Norris. Mr. Norris testified that he and Mr. Hyman were partners engaged in the used car business under the firm name and style of Reliable Motors, and the place of business was located at 1001 Third Avenue, West, Birmingham, Alabama.

According to Mr. Norris, appellant, accompanied by a woman, came to the car lot in October, 1972, and discussed the purchase price of a 1966 Cadillac convertible. The price was $995.00. Appellant requested permission to test drive the automobile. He was given permission to road test the car, and was gone longer than an hour and a half. He was gone so long that Mr. Norris became alarmed and called the police department and reported the car was stolen. However, appellant returned the car. He described the car as being light blue with a white top. On Saturday, October 21, the keys to this car were missing and the following Monday morning, the Cadillac was not on the car lot. Mr. Norris again reported the car was stolen.

On November 3, 1972, appellant was arrested while driving this Cadillac in the eleventh hundred block of Fifth Avenue, North, in Birmingham. Appellant told the arresting officer that he had borrowed the car from a Dwight Smith, address unknown, who was at that time in a local bar known as Peyton Place. He gave the officer a description of Smith, and the officer went to the bar and there was no one there who fit the description. The Cadillac was carried to a local garage by the officers, where it was viewed by Mr. Norris. The car had been painted white, but the serial number—F–611–33–80—checked with the

serial number in Mr. Norris' inventory. Mr. Norris described other changes made on the car since it was stolen. He said:

"The canvas top on the convertible top had been torn and had been fixed up with metal thread; also, the rear bumper had a shiny piece of oxidized aluminum missing out of the center section of the bumper."

Mr. Norris identified the automobile. He also identified four photographs of the car, and these were introduced in evidence without objection. Before the car was removed from the car lot it had a 1972 Alabama license plate, No. 1–89106, on it, but this tag was not on the car when Mr. Norris viewed it at the garage.

Appellant was carried to Police Headquarters, given the full *Miranda* warnings, said he understood them, made a telephone call and signed his name to a question and answer form which was in the handwriting of a police officer. In this signed statement, he said this Cadillac automobile belonged to Dwight Smith; that he had borrowed it from Smith so that he could move some clothes; that Smith had this car for about two years; that appellant had driven it off and on for about a year. This statement was introduced in evidence as State's Exhibit No. 5.

Appellant testified in his defense. He denied that he went to the Reliable Motors car lot with a woman in October, 1972, and requested permission to drive a Cadillac automobile, and denied that he had ever talked to Mr. Norris. He said he went to the car lot in March or April, 1972, and talked to someone about buying a car and was told they would have to check out his credit; that he changed his mind about buying a car and never went back to the lot.

He further testified that he bought the 1966 Cadillac convertible automobile from Dwight Smith on the 13th day of October, 1972; that the agreed purchase price was $1,000.00; that he gave Smith $600.00

in cash as a down payment and owed him $400.00; that Smith gave him a temporary receipt and was to give him a bill of sale when he paid him the balance. He said he just told the officers that he borrowed the car from Smith so that he could get back with Smith and straighten the matter out. Appellant admitted he did not tell the officers that he had purchased the car from Smith. He said he did not buy a tag for the car because he did not have a bill of sale; that he was arrested before he could pay Smith the balance of $400.00 and get a bill of sale. Appellant was asked as to the whereabouts of Dwight Smith and said he did not know but understood he was in prison someplace. He said he had seen this Cadillac in Smith's possession, for about two years; that he had used it at times during the last year; that when he first saw the car in Smith's possession, it was navy blue and Smith had it painted white.

■ Appellant urges this court to reverse this case and discharge him because he was denied his right to a speedy trial. He made such a motion in the trial below, and the motion was denied. The record shows that appellant was released on bond on December 5, 1972. While out on bond, he committed another offense and was recommitted to jail on January 22, 1973. He was arraigned on February 9, 1973, and the case was continued to March 21. On March 24, 1973, appellant's counsel was engaged in another trial and the case was continued until April 24 and was tried on April 26, 1973.

There has been no unreasonable delay on the part of the state in bringing appellant to trial. It is settled law that speedy trial rights do not operate to deprive the state of a reasonable opportunity to prosecute defendants. A defendant cannot claim his constitutional rights have been denied where the delay is caused by him, or where delays are made necessary by the law itself. Braden v. State, 49 Ala.App. 97, 268 So.2d 877.

An accused's constitutional right to a speedy trial is not contravened by continuances in the discretion of the presiding judge, delays occasioned by want of time to try the case, or delays necessitated by the law itself. Sample v. State, 138 Ala. 259, 36 So. 367.

Appellant made no demand for a speedy trial. On the very day the case was called for trial, he filed a motion to dismiss the indictment and discharge the defendant on the ground that his constitutional right to a speedy trial had been denied him. In Sellers v. State, 48 Ala.App. 178, 263 So. 2d 156, we said:

"In addition to showing a demand for speedy trial, to make a prima facie case for release an accused normally must also show that actual prejudice resulted from the fact that trial was delayed. Hoskins v. Wainwright, 440 F.2d 69 (5th Cir., 1971); United States v. King, 431 F.2d 734 (5th Cir., 1970); United States v. Fitzpatrick, 437 F.2d 19 (2d Cir., 1970); United States v. Penland, 429 F. 2d 9 (9th Cir., 1970), cf. Dickey v. Florida, supra, [398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26]. According to Hoskins, supra, if the accused relies on passage of time alone to establish prejudice, he can meet this burden by showing (1) that prosecution was delayed beyond the point at which a probability of prejudice arose; (2) that he himself was not responsible for the delay; and (3) that the State ought reasonably to have avoided the delay."

There was no error in the denial of the motion to dismiss the indictment.

■ Appellant claims there was a fatal variance between the allegations of the indictment with reference to the ownership of the motor vehicle and the proof offered in support thereof. This contention is without merit. Title 15, § 245, Code of Alabama 1940, provides, in pertinent part, "When any property, upon or in relation to which the offense was committed, belongs

to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners; * * *"

The indictment in this case alleged the Cadillac automobile to be "The personal property of Floyd Hyman and R. D. Norris." Mr. Norris testified that he and Mr. Hyman were partners doing business as Reliable Motors and that both owned the automobile. Edwards v. State, 45 Ala.App. 136, 227 So.2d 134; Gardner v. State, 4 Ala.App. 131, 58 So. 1001.

We have carefully searched the record for errors affecting the substantial rights of appellant and have found none. The case is due to be, and the same is hereby affirmed.

Affirmed.

All the Judges concur.