342 So.2d 1357 (1977)
Luther J. HASSELL and David C. Hassell
v.
STATE.
2 Div. 189.
Court of Criminal Appeals of Alabama.
March 1, 1977.
*1358 Richard H. Poellnitz, Greensboro, for Luther J. Hassell, appellant.
Nicholas H. Cobbs, Jr., Greensboro, for David C. Hassell, appellant.
William J. Baxley, Atty. Gen. and Ellis D. Hanan, Asst. Atty. Gen., for the State, appellee.
TYSON, Presiding Judge.
The Grand Jury of Hale County returned two three-count indictments, charging each appellant with grand larceny, bringing stolen property into the State of Alabama, and buying, receiving, or concealing a 1966 Rambler station wagon. The appellants were tried jointly, and the jury found both of them guilty of bringing stolen property into the State as charged in count two of each indictment. As punishment for this offense, the trial court imposed an eight year penitentiary sentence on both appellants.
On the afternoon of April 20, 1975, State Trooper R. S. Spence, while on routine patrol down U.S. Highway 80 near Gallion, noticed a 1966 Rambler station wagon parked beside the road in an abandoned service station parking lot. Trooper Spence did not stop to investigate at this time, but upon observing a person's foot protruding from the vehicle's window on his return trip up U.S. Highway 80, he pulled in behind the parked automobile to see "if somebody was sick or something of that nature." Trooper Spence got out of his patrol car and walked up to the vehicle in question wherein he observed two men "apparently asleep." Trooper Spence then ran a registration check on the car with NCIC (National Crime Information Center) which informed him that the 1966 Rambler, tag number ADV477, had been reported stolen in Albuquerque, New Mexico, on April 4, 1975, by its owner, Rex V. Allender. Trooper Spence then called a Sergeant Bozeman to assist him in making an arrest, and upon Bozeman's arrival at the scene, the two officers approached the car where they found the appellants sound asleep. The officers awoke the two men, placed them under arrest, and took them to the Hale County Jail in Greensboro. Shortly thereafter, Trooper Spence along with a Lieutenant *1359 Jones of the Department of Public Safety returned to the parked vehicle and conducted a warrantless search throughout the automobile. From the car's glove box, the officers obtained the following:
(1) One sale invoice and three New Mexico certificates of registration bearing the names of the car's joint owners, Rex V. and Barbara A. Allender.
(2) One blank personalized printed check of appellant "David Hassell," which named the University National Bank of Galveston, Texas, as drawee.
(3) One book (23 checks) of blank personalized printed checks of the appellants, "L.J. or D. C. Hassell," which named the Arizona Bank of Phoenix, Arizona, as drawee.
(4) One blank personalized printed check of "Tom Pougue Studios" which authorized one of the appellants, David Hassell, to sign as drawer and named the American National Bank of Mobile, Alabama, as drawee.
(5) One blank "counter check" which named the First National Bank of Mobile, Alabama, as drawee.
(6) One deposit receipt showing a credit of $650.00 with the National Bank and Trust Company of Columbus, Georgia, on September 16, 1974.
(7) One deposit receipt showing a credit of $500.00 with the Citizens National Bank of Pascagoula, Mississippi, on July 26, 1974.
(8) One (four-page) Holiday Inn of Pascagoula, Mississippi, Motel bill receipt with the name of one of the appellants, David Hassell, written thereon and dated July 24-28, 1974.[1]
All of the above-mentioned items were offered into evidence against the appellants by the State. The appellants presented no defense.

I
Appellants contend that the trial court erred in denying their motion to dismiss the charges for lack of speedy trial.
A stipulation of facts with respect to the motion was substantially as follows:
(1) That the appellants were arrested on April 20, 1975, and were confined in the Hale County Jail;
(2) that the appellants were indicted by the Hale County Grand Jury on April 28, 1975;
(3) that appellants' trial was originally set for the June 2, 1975, session of Hale County Criminal Court, but their trial was continued on the motion of the prosecution due to the absence of the owner of the automobile in question, Rex V. Allender, who was a resident of Albuquerque, New Mexico;
(4) that from April 20, 1975, until the ultimate trial date of September 8, 1975, the appellants were confined in the Hale County Jail.
Before ruling on appellants' motion, the trial court took judicial knowledge of the fact "that [on] June eighteenth, nineteen seventy-five, the Honorable Virgis M. Ashworth, Presiding Judge of this Circuit, met his death; and that since that time the Governor of Alabama has not seen fit to appoint a replacement for Judge Ashworth; that the present state of this court is that he is doing the work of three judges and there is no physical way there could have been an earlier session of court to try these defendants." (R. 10)
In Kircheis v. State, 56 Ala.App. 526, 323 So.2d 412, Harris, J., observed:
"Some of the factors to be considered by appellate courts in determining whether an accused has been denied a speedy trial are set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. These factors are: (1) length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. . . ."
After balancing these factors, it is our assessment that the delay, as shown by the *1360 stipulation, did not in any way cause prejudice to the appellants by the delay from one term to the next. The denial of the motion to dismiss the prosecution was free of error. Moulden v. State, 47 Ala.App. 573, 258 So.2d 915; Hamilton v. State, 52 Ala.App. 96, 289 So.2d 663; Giles v. State, 52 Ala. App. 106, 289 So.2d 673.

II
Appellants contend that the trial court erred in allowing into evidence "detailed testimony concerning checks, deposit slips, and other documents found in the automobile in which appellants were apprehended. . ." (Appellant's Brief, page 13) Appellants insist that the sole purpose of such "detailed testimony" was to imply to the jury that they had committed bad check offenses, crimes for which they were not charged with in the indictment. The record at page 100 reveals the following:
"Q. What all is that, Lieutenant?
"A. It's primarily blank checks from several different banks.
"Q. Will you take them out and tell us what they are one at a time and I will hold them for you?
"A. This is a book of checks for L. J. or D. C. Hassell for the Bank of New Mexico, Albuquerque, New Mexico.
"Q. Bank of New Mexico, Albuquerque, New Mexico?
"A. Yes, sir.
"MR. POELLNITZ: I have no objection to this, but this man is charged with taking an automobile out of New Mexico and they testified that these things were in the car; now we're going through the different banks. I think that is just a little bit beyond what the trial of this case is about.
"THE COURT: No, sir, Mr. Poellnitz, I think it is relevant and I would so instruct the jury it would be relevant to show that these defendants at some point in time had a connection with Albuquerque, New Mexico, the place where the automobile was stolen from.

"MR. POELLNITZ: We wanted the jury to know everything, Your Honor.
"MR. COBBS: Could we ask a question or two on voir dire to see about the cardboard box he took these out of?
"THE COURT: All right.
"Q. (BY MR. MORROWcont'd:) Would you tell us what were some of the items that are in there that you got not of that car? What was this one again, let's get that clear first, what is that one there (indicating)?
"A. It's a box containing check books, some of them used and some new, to L. J. Hassell or D. C. Hassell, fifty-three fortyseven Minnaugh (phonetic) Northeast, Albuquerque, New Mexico.
"Q. Albuquerque, New Mexico, L. J. or D. C. Hassell, is that correct?
"A. Yes, sir. This is a check on Tom Pogue Studios, Mrs. Jo Hanna Hassell and Mr. David Hassell, twenty-one fiftyone Government Street, Mobile, Alabama, American National Bank and it has a signature on it, Jo Hanna Hassell.
"Q. Any other signatures on there?
"A. No, sir. Two other checks: number three hundred and three hundred and one, the same place with the word "Jo," the word "H" on one of them and just the letter "J" on the second one. Here is a bank deposit dated October twenty-ninth, Nineteen seventy-three, First National Bank, Tuscaloosa. Here is a deposit slip to the Arizona Bank, dated October fourteenth, Nineteen seventy-four.
"Q. What is the amount on that?
"A. One thousand dollars. Here is a receipt on the Holiday Inn of Pascagoula, Mississippi, in the name of D. Hassellregistration slip and receipt.
"Q. What is the date on there?
"A. July twenty-sixth, Nineteen seventy-four. Here is a deposit slip on the National Bank and Trust Company of Columbus, Georgia, dated September seventh, Nineteen seventy-four, fifteen hundred dollars.

*1361 "MR. COBBS: Your Honor, I don't know what their purpose is, but this is completely and totally irrelevant. They keep mentioning amounts on these things.
"MR. POELLNITZ: I don't see why theywhat this has got to do with the law suit.
"MR. COBBS: I believe it is improper and I think it calls for a mistrial and I would like to so move at this time.
"THE COURT: No, sir, I don't think it's prejudicial to these defendants as to what they are charged with, but I fail to see the relevancy of all the other parts. Now, the part of Albuquerque, New Mexico, I do see.

"MR. MORROW: If I may point out the relevancy to the Court: From the time of the theft, which is going to be April fourth to April twentieth, is some sixteen days. I think I have established a pattern of these defendants about how they travel and I think these papers do it. I want to establish, not for any guilt or innocence for this crime, but just for their modus operandihow they operate across the country and I think these are the papers that indicate this.
"MR. COBBS: I think that is entirely improper, Your Honor.
"MR. MORROW: Motive, method of operation, intent and design of someone are not improper, Your Honor.
"THE COURT: I don't see where depositing of funds in several different places around the country has anything to do with the taking of an automobile, or bringing of a stolen car into this state, or buying, receiving or concealing stolen property as they are charged in this indictment. I am going to sustain the objection." [Emphasis supplied]
An essential element in the offense of bringing stolen property in the state is that defendant "knew [that the property] was stolen elsewhere . . ." See Title 14, Section 337, Code of Alabama 1940.
The testimony complained of by the appellants concerned items of evidence found in the automobile along with three New Mexico certificates of registation which bore the names of the car's joint owners, Rex V. and Barbara A. Allender. Although such evidence may have implied to the jury that the appellants were guilty of bad check offenses, that circumstance does not render the evidence inadmissible since the evidence tended to establish the guilty knowledge and identity of the appellants. Murphy v. State, 52 Ala.App. 490, 294 So.2d 457, cert. denied 292 Ala. 743, 294 So.2d 462; Robinson v. State, 40 Ala.App. 101,108 So.2d 188; Baggett v. State, 45 Ala.App. 320, 229 So.2d 819; Weatherspoon v. State, 36 Ala.App. 392, 56 So.2d 793.

III
Appellants contend that the trial judge committed reversible error in that he made a direct comment on the weight of the evidence. The error complained of occurred during the trial judge's explanation to the jury as to why the appellants lacked standing to object to the introduction of items taken from a stolen automobile.
However, a review of the record discloses that these comments were not objected to by either of the attorneys representing appellants in this case (R. 45, 106). Inasmuch as no objection was made or other ruling invoked in the trial court, the error complained of cannot be raised for the first time on appeal. Rudolph v. State, Ala.Cr.App., 344 So.2d 790 (1977).
We have carefully considered the entire record as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment is due to be and the same is hereby
AFFIRMED.
HARRIS, DeCARLO and BOWEN, JJ., concur.
BOOKOUT, J., concurs specially.
BOOKOUT, Judge, concurring specially:
The check on American National Bank of Mobile, Alabama; the bank deposit on the *1362 First National Bank of Tuscaloosa dated October 29, 1973; the Arizona Bank deposit slip dated October 14, 1974; the receipt from the Holiday Inn of Pascagoula, Mississippi, dated July 26, 1974; the deposit slip on the National Bank and Trust Company of Columbus, Georgia, dated September 7, 1974; and other instruments not connecting appellants with Albuquerque, New Mexico, have absolutely no relevance in this case.
I concur in the result of this opinion on this point only because, when objection was finally made, the trial judge stated that such evidence had no bearing on the offense charged and sustained the objection. That was a favorable ruling to the appellant and results in no error.
NOTES
[1] Items of a similar nature were found in a box located on the rear seat of the station wagon, i.e., "checks on about six different banks." (R.98-101) These items were also offered into evidence by the State.