ON REHEARING
BOWEN, Judge.
The defendant was indicted for the offense of theft of property in the first degree under Alabama Code 1975, Section 13A-8-3. A jury convicted him of the lesser included offense of attempt. Sentence was two years’ imprisonment. Probation was denied because of the defendant’s past criminal record which revealed a “disregard of the law”.
Initially this case was affirmed without published opinion. In his application for rehearing, the defendant raises one issue which we now address as we did originally.
Error is alleged because the prosecutor was allowed to show the witness a copy of the indictment to refresh a witness’s recollection regarding the ownership of the stolen property.
Initially this witness testified that the property was owed by Reynolds Metal Company, Reduction Division, in Richmond, Virginia. The indictment recited “Alabama Reclamation Plant, Reynolds Metals Company, Inc.”
After considerable confusion as to who owned what, the witness “clarified” his answer. From all this testimony, it is clear that the ingots were “owned” by Alabama Reclamation Plant which is owned by Reynolds Metals Company. The Reduction Plant is a division of Reynolds Metals Company.
Even if there had been a variance in the indictment and the proof, this variance was not material and could not have misled the defendant or been substantially injurious to him in making his defense. See Edwards v. State, 45 Ala.App. 136, 227 So.2d 134 (1969). While the District Attorney should not have shown the witness the indictment, we do not think that it was prejudicial error for the trial judge to overrule the defendant’s general objection and motion for a mistrial on that ground.
After examination of the entire case, it does not appear “that the error complained of has probably injuriously affected substantial rights” of the defendant. Rule 45, Alabama Rules of Appellate Procedure.
We have searched the record for error as required by law. The application for rehearing is overruled and the judgment of the Circuit Court is affirmed.
APPLICATION FOR REHEARING OVERRULED.
All Judges concur.